**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**
**(NORTHERN DIVISION)**

| | |
|---|---|
| JOSE LUIS VELASQUEZ HERNANDEZ<br>3449 Dunhaven Road<br>Dundalk, Maryland 21222<br><br>EDWIN RODOLFO MARQUEZ<br>1606 Four George Court<br>Apartment C-3<br>Dundalk, Maryland 21222<br><br>   *Plaintiffs*,<br><br>     v.<br><br>NELSON PRECAST PRODUCTS, LLC<br>1501 West Patapsco Street,<br>Baltimore, Maryland 21208<br><br>SERVE: AARON LICHTMAN<br>     3203 Labyrinth Road<br>     Baltimore, Maryland 21208<br><br>AARON LICHTMAN<br>3203 Labyrinth Road<br>Baltimore, Maryland 21208,<br><br>   *Defendants*. | Civil Action No.: 21-2814 |

**COMPLAINT**

Plaintiffs, Jose Luis Velasquez Hernandez ("Plaintiff Hernandez") and Edwin Rodofo Marquez ("Plaintiff Marquez") bring this action against Defendants, Nelson Precast Products, LLC ("NPP") and Aaron Lichtman, ("Lichtman") its President and owner, (collectively the "Defendants"), for violations of Plaintiffs' rights under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Labor &

Empl. Art. §§ 3-415 and 3-427, and the Maryland Wage Payment and Collection Law ("MWPCL"), Labor & Empl. Art., §§ 3-505 and 3-507.2.

In support, Plaintiffs allege as follows:

## THE PARTIES

1. Plaintiff Hernandez is an adult resident of Baltimore County, Maryland and was employed by Defendants on and off for the last ten years. However, he was consistently employed by Defendants for the last three years and two weeks. His employment ended in September 2021 when he resigned. At all times relevant to the Complaint, Plaintiff Hernandez worked at NPP's warehouse locations in Baltimore, Maryland. During this time, he would create concrete pieces for stadium bleachers, for parking lots and walls.

2. Plaintiff Marquez is an adult resident of Baltimore County, Maryland and was employed by Defendants on and off for the last twelve years. However, he was consistently employed by Defendants for the last three years and two weeks. His employment ended in August 2021 when he resigned. At all times relevant to the Complaint, Plaintiff Marquez worked at NPP's warehouse locations in Baltimore, Maryland. During this time, he would create concrete pieces for stadium bleachers, for parking lots and walls.

3. NPP is a limited liability company organized under the laws of the State of Maryland. NPP was Plaintiffs' "employer" as that term is defined within the FLSA, MWHL and MWPCL, because, through its agents, owners, officers and/or members, it employed the Plaintiffs directly, hired them, set their rate of pay, set the terms and conditions of their employment, set their schedule, directed them in the performance of their work, maintained employment records for Plaintiffs and paid their wages.

4. Lichtman is an owner, officer, and/or member of NPP. Lichtman is an employer of Plaintiffs within the meaning of the FLSA, MWHL and the MWPCL because he is an owner, officer, and/or member of NPP, who is significantly involved in NPP's business operations. Specifically, (1) he is responsible for creating and enforcing, through lower-level managers NPP's policies and procedures governing employee pay compensation and benefits, (2) he controls the corporate funds which were used to pay Plaintiffs and other employees and could and did allocate funds as profits, (3) he set and approved the hourly rate for Plaintiffs and other employees who are non-exempt and acted with knowledge of or approved the unlawful pay practices of paying straight time wages for overtime hours, (4) he had authority to hire, fire and discipline Plaintiffs, (5) he made or approved the decision to engage in the illegal pay practices that are the subject of this law suit in order to make NPP more profitable, and (6) he maintained Plaintiffs' employment records.

5. NPP constitutes an "Enterprise Engaged in Commerce" within the meaning of 29 U.S.C. § 203 (s)(1), as NPP had: (1) employees engaged in commerce or the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce; and (2) a gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

**JURISDICTION**

6. The jurisdiction of this Court is based upon 28 U.S.C. § 1331 and 29 U.S.C. § 217. The Court has subject matter jurisdiction under § 1331 because Plaintiff's claims involve federal questions and the Court has pendant jurisdiction over the Plaintiff's state law claim under 28 U.S.C. § 1367.

7.      This Court has *in personam* jurisdiction over Defendants because they conduct business in the State of Maryland and because all of the events giving rise to these claims occurred in Maryland.

## STATEMENT OF FACTS

8.      While employed by Defendants, Plaintiffs' duties included, but were not limited to making wall panels out of concrete molds and constructing stadium bleachers.

9.      During the prior three years and two weeks, Plaintiff Hernandez was paid by the hour and his hourly rate ranged from $15.00 to $17.00. During the last three years and two weeks, Plaintiff Hernandez normally worked five to six days per week and anywhere from 40 to 70 hours and sometimes more. Each work day, Plaintiff Hernandez took a 30-minute lunch break and two other 15-minute breaks per day. However, during this period of time, Plaintiff Hernandez did not receive any payment at all for some of his work hours and he was not paid an overtime premium for his overtime hours.

10.     During the prior three years and two weeks, Plaintiff Hernandez was paid by the hour and his hourly rate ranged from $18.00 to $20.00. During the last three years and two weeks, Plaintiff Hernandez normally worked five to six days per week and anywhere from 40 to 70 hours and sometimes more. Each work day, Plaintiff Hernandez took a 30-minute lunch break and received two additional 15-minute breaks per day. However, during this period of time, Plaintiff Hernandez did not receive any payment at all for some of his work hours and he was not paid an overtime premium for any of his overtime hours.

11. In addition, each week or roughly each week, Defendants deducted $8.00 for the cost of washing Plaintiffs' uniforms. Plaintiffs were required to wear the company uniform each workday. However, Plaintiffs did not consent in writing to the $8.00 deduction.

## COUNT I
## VIOLATIONS OF THE FLSA
## 29 U.S.C. §§ 201 – 216 (b)

12. Plaintiffs repeat and incorporate by reference all allegations of fact set forth above.

13. At all times relevant to this Complaint, Defendants were Plaintiffs' "employers" within the meaning of the FLSA.

14. At all times relevant to this Complaint, Plaintiffs were "employees" of the Defendants within the meaning of the FLSA.

15. Defendants violated the FLSA by knowingly failing to pay Plaintiffs one and one-half times their regular hourly rate for each hour over 40 that they worked and failed to pay Plaintiffs anything at all for many of their work hours.

16. Defendants' actions were not undertaken in good faith and they were willful such that the statute of limitations is three years.

17. Plaintiffs are not able to calculate his damages because they are not in possession of his time records or the vast majority of his payroll records.

18. Defendants are liable to Plaintiffs under 29 U.S.C. § 216 (b), for unpaid, and illegally withheld straight time and overtime time wages, an additional equal amount as liquidated damages, court costs, attorneys' fees, and any other relief deemed appropriate by the Court.

## COUNT II
## VIOLATIONS OF THE MWHL
## Md. Code Ann., Lab. & Empl. § 3-420

19. Plaintiffs repeat and incorporate by reference all allegations of fact set forth above.

20. At all times relevant to this Complaint, Defendants were "employers" of the Plaintiffs within the meaning of the MWHL.

21. At all times relevant to this Complaint, Plaintiffs were "employees" of the Defendants within the meaning of the MWHL.

22. Defendants violated the MWHL by failing to pay Plaintiffs at one and one-half times their regular hourly rate for each hour over 40 that they worked and failing to pay Plaintiffs anything at all for some of their hours of work.

23. Defendants did not act in good faith, entitling Plaintiffs to liquidated damages.

24. Plaintiffs are not able to calculate his damages because they are not in possession of their time records or the vast majority of his payroll records.

25. As a result, Defendants are liable to Plaintiffs pursuant to the MWHL for their unpaid and illegally withheld straight time and overtime wages for the statutory period, an additional equal amount as liquidated damages, court costs, attorneys' fees, and any other relief deemed appropriate by the Court.

## COUNT III
## VIOLATIONS OF THE MWPCL
## Md. Code Ann., Lab. & Empl. §§ 3-501 – 3-507.2

26. Plaintiffs repeat and incorporate by reference all allegations set forth above.

27. Defendants knowingly, willfully and intentionally violated Plaintiffs' rights, under the MWPCL by failing to pay Plaintiffs all of their overtime wages under the MWHL, failing to pay them anything at all for some hours of work and deducting a weekly charge from Plaintiffs'

6

paychecks of $8.00 without their consent in violation of Md. Code Ann., Labor & Employment § 3-503.

28. Defendants' unlawful failure or refusal to pay the required wages and making of the unlawful deductions was not the result of a *bona fide* dispute within the meaning of the MWPCL.

29. Plaintiffs arenot able to calculate their damages because they are not in possession of their time records or the vast majority of their payroll records.

30. Defendants are liable to Plaintiffs pursuant to the MWPCL for the aforementioned wages, an additional amount equal to double the unpaid overtime wages as liquidated damages, litigation costs, attorneys' fees, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court grant them the following relief:

a) enter a judgment against Defendants, jointly and severally, and in favor of the Plaintiffs in the amount of Plaintiffs' unpaid and illegally withheld overtime and minimum wages, plus an equivalent amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

b) enter a judgment against Defendants, jointly and severally, and in favor of Plaintiffs, based on Defendants' violations of the MWHL in the amount of Plaintiffs' unpaid and illegally withheld overtime and an equal sum as liquidated damages;

c) enter a judgment against Defendants, jointly and severally, and in favor of Plaintiffs, based on Defendants' violations of the MWPCL in the amount of Plaintiffs' unpaid and illegally withheld overtime wages, straight time wages withheld, and the value of the unlawful deductions; and

d) award Plaintiffs their costs and reasonable attorneys' fees incurred in this action, as provided in 29 U.S.C. § 216 (b) and Md. Code Ann., Labor & Empl. §§ 3-427 (a) and 3-507.2.

>Respectfully submitted,
>
>/s/Omar Vincent Melehy
>Omar Vincent Melehy, MD Bar No.: 05712
>MELEHY & ASSOCIATES LLC
>8403 Colesville Road, Suite 610
>Silver Spring, MD 20910
>Tel: (301) 587-6364
>Fax: (301) 587-6308
>Email: ovmelehy@melehylaw.com
>*Attorneys for Plaintiffs*