IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |   |
|---|---|---|
| JOSE LUIS VELASQUEZ HERNANDEZ, *et al.*, | ) ) ) ) | Civil Action No. 21-cv-02814-LKG |
| Plaintiffs, | ) ) | Dated:  October 26, 2023 |
| v. | ) ) | |
| NELSON PRECAST PRODUCTS, LLC, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION**

**I.   INTRODUCTION**

Plaintiffs, Jose Luis Velasquez Hernandez and Edwin Rodolfo Marquez, allege in this civil action that Defendants, Nelson Precast Products LLC ("NPP") and Aaron Lichtman:  (1) failed to pay them an overtime premium for certain overtime hours worked; (2) failed to pay them for certain work hours worked; (3) and made unauthorized deductions from their wages, in violation of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et seq*.; the Maryland Wage and Hour Law, Md. Code Ann. Lab. & Empl. §§ 3-415 and 3-427, *et seq.* (the "MWHL"); and the Maryland Wage Payment and Collection Law (the "MWPCL"), Md. Code Ann. Lab. & Empl. § 3-505 and 3-507.2.  *See generally*, ECF No. 32.  On June 1, 2023, the parties filed a joint motion for the approval of a settlement and for the Court to set a briefing schedule on Plaintiffs' motion for attorney's fees and costs.  *See generally*, ECF No. 58; *see also* 29 U.S.C. § 216(b) (requiring Court approval to release FLSA claims brought by an employee in a private right of action).

The Court held a hearing on the parties' proposed settlement agreement (the "Settlement Agreement") on October 24, 2023.  For the reasons stated during the hearing, and set forth below, the Court: (1) **APPROVES** the Settlement Agreement; (2) **GRANTS** the parties' joint

motion for approval of settlement; and (3) **AWARDS** Plaintiffs' counsel $63,657.75 in attorneys' fees and $1,342.25 in costs.

## II.   FACTUAL AND PROCEDURAL BACKGROUND[1]

### A.   Factual Background

In this FLSA action, Plaintiffs allege that NPP and Aaron Lichtman violated the FLSA, MWHL and MWPCL by: (1) failing to pay them an overtime premium for certain overtime hours worked; (2) failing to pay them for certain work hours worked; and (3) making unauthorized deductions from their wages. *See generally*, ECF No. 32. Specifically, Plaintiffs allege that they worked five to six days per week, and for 40 to 70 or more hours, but the Defendants failed to compensate Plaintiffs at one-and-one-half times their regular pay for overtime hours worked. *See id.* at ¶¶ 15-16.

In addition, Plaintiffs contend that Defendants made deductions of $8.00 each week from their gross weekly pay, which were not authorized. *See id.* at ¶ 18. As relief, Plaintiffs seek to recover, among other things, unpaid wages, liquidated damages, and attorneys' fees and costs. *Id.* at Prayer for Relief.

As background, NPP is a Maryland limited liability company that is a manufacturer of architectural cast stone masonry and architectural precast masonry products. *Id.* at ¶ 4; *see* www.nelsonprecast.com. Defendant Aaron Lichtman is the owner, officer, member and President of NPP. *Id.* at ¶ 5.

Plaintiffs were previously employed as laborers by NPP. *Id.* at ¶¶ 1-2. In this regard, Plaintiff Jose Luis Velasquez Hernandez was employed by Defendants on and off since 2003, and consistently employed by Defendants from approximately September 2018 to September 2021. *Id.* at ¶ 1. Plaintiff Edwin Rodofo Marquez was employed by Defendants on and off since 2001, and consistently employed by Defendants from approximately August 2018 to August 2021. *Id.* at ¶ 2.

---

[1] The facts recited in this memorandum opinion are taken from the third amended complaint; the parties' joint motion for approval of settlement; and the memoranda in support thereof. ECF Nos. 32, 58 and 66.

Relevant to the pending joint motion, the Settlement Agreement provides that Defendant NPP shall pay a total sum of $88,000 to Plaintiffs to resolve Plaintiffs' claims in this case, upon the Court's approval of the Settlement Agreement. *See* ECF No. 58-2 (the Settlement Agreement) at ¶ 1. The Settlement Agreement further provides that this payment is to be apportioned among Plaintiffs as follows:

> (1) $36,960 to Plaintiff Hernandez, to be comprised of a payment of $13,269 for unpaid wages and a payment of $23,691 for liquidated damages or penalties that may have been awarded; and

> (2) $51,040 to Plaintiff Marquez, to be comprised of a payment of $18,363 for unpaid wages and a payment of $32,677 for liquidated damages or penalties that may have been awarded.

*See id.*; ECF No. 58 at 4.

In addition, the Settlement Agreement contains a mutual release of claims provision that provides that "each Party fully releases, acquits and forever discharges the other Party . . . from any and all claims, actions, causes of action, charges, judgments, grievances, obligations, rights, demands, debts, damages, sums of money, attorneys' fees, costs, losses, and all other liability[.]" ECF No. 58-2 at ¶ 8. This release excludes certain rights on claims regarding the Equal Employment Opportunity Commission, or other similar federal or state administrative agencies, claims that cannot be waived by law, any right to file an unfair labor practice charge under the National Labor Relations Act and any rights to vested benefits. *See id.*

Lastly, the Addendum to the Settlement Agreement provides for the payment of reasonable attorneys' fees and costs in the amount of $65,000 to Plaintiffs' counsel, Suvita Melehy, Omar Vincent Melehy and Andrew Balashov of Melehy & Associates LLC. ECF No. 66-1 at ¶ 2.

The parties state in their joint motion that the Settlement Agreement was reached after substantial negotiations. *See* ECF No. 58 at 5, 9. The parties also state that the proposed settlement amount is equal to approximately three times the Plaintiffs' alleged respective estimated unpaid wages and exceeds the regular and/or overtime wages Plaintiffs claim is owed in this case. *Id.* at 4.

In addition, the parties state in the supplemental memorandum to their joint motion that counsel for Plaintiffs have collectively expended more than 256 hours on this matter since the filing of this case in November 2021. ECF No. 66 at 4; *see also* ECF No. 66-2. Plaintiffs' counsel represents that this work includes: (1) the exchange of written discovery requests; (2) conferring with Plaintiffs; (3) damages calculations; (4) preparing the opposition to Defendant Lichtman's motion to dismiss; (5) preparing the motion to amend the complaint; (6) preparation of the joint motion seeking Court approval of the Settlement Agreement; and (7) settlement negotiations. *See* ECF No. 66 at 4-5.

The parties request that the Court approve the Settlement Agreement. ECF No. 58 at 9.

### B. Procedural Background

Plaintiff Hernandez commenced this lawsuit on November 2, 2021. ECF No. 1. On November 8, 2021, Plaintiff Marquez joined the case. ECF No. 5. Plaintiffs filed a second amended the complaint on November 15, 2021 (ECF No. 8), and a third amended complaint on March 3, 2022 (ECF No. 32). Defendants filed an answer to the third amended complaint on March 25, 2022. ECF No. 34.

On June 1, 2023, the parties filed a joint motion for Court approval of the Settlement Agreement. ECF No. 58. On September 19, 2023, the parties filed a supplemental memorandum to their joint motion for approval of FLSA settlement for approval of attorneys' fees and costs. ECF No. 66.

On October 18, 2023, Plaintiffs filed a status report providing additional information about the breakdown of hours worked for each attorney and paralegal in this case on behalf of the Plaintiffs. ECF No. 68.

## III.   LEGAL STANDARDS

### A.   The Fair Labor Standards Act

Congress enacted the FLSA to protect workers from poor wages and long hours that can result from substantial inequalities in bargaining power between employers and employees. *See* S. Rep. No. 884, at 3-4 (1937); H.R. Rep. No. 1452, at 9 (1937); *see also Duprey v. Scotts Co., LLC*, 30 F. Supp. 3d 404, 407 (D. Md. 2014); *Saman v. LBDP, Inc.*, No. 12-1083, 2013 WL

4

2949047, at *2 (D. Md. June 13, 2013).  The FLSA provides that "no employer shall employ" a covered employee in excess of 40 hours in a week unless the employee is paid at "a rate not less than one and one-half times the regular rate at which he is employed" for each additional hour worked. 29 U.S.C. § 207(a)(1).  The statute's provisions are mandatory and generally are not subject to bargaining, waiver, or modification by contract or settlement.  *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706-07 (1945).

      A Court-approved settlement is an exception to this rule.  *See* 29 U.S.C. § 216(b); *see also Duprey*, 30 F. Supp. 3d at 407.  And so, the Court may approve a settlement of a FLSA claim, "provided that the settlement reflects a 'reasonable compromise of disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" *Saman*, 2013 WL 2949047, at *2 (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).  While the United States Court of Appeals for the Fourth Circuit has not directly addressed the factors to be considered when approving a FLSA settlement agreement, "district courts in this circuit typically employ the considerations set forth by the Eleventh Circuit in *Lynn's Food Stores*." *Id*. at *3 (citations omitted).  And so, to approve a FLSA settlement agreement, the Court must find that:  (1) there are FLSA issues actually in dispute; (2) the settlement agreement is fair and reasonable; and (3) the proposed attorneys' fees are reasonable, if included in the agreement.[2]  *See Duprey*, 30 F. Supp. 3d at 408 (citations omitted). The aforementioned factors are most likely to be satisfied where there is an "assurance of an adversarial context" and the employee is "represented by an attorney who can protect [their] rights under the statute." *Lynn's Food Stores*, 679 F.2d at 1354.

---

[2] To determine whether a *bona fide* FLSA dispute exists, "courts examine the pleadings in the case, along with the representations and recitals in the proposed settlement agreement." *Duprey v. Scotts Co., LLC*, 30 F. Supp. 3d 404, 408 (D. Md. 2014) (citations omitted).  Courts in this district have found *bona fide* FLSA disputes to exist where a defendant denies wrongdoing, disputes employee misclassification, or asserts an affirmative defense.  *See, e.g.*, *De La Cruz v. Chopra, et al.*, No. 18-0337, 2018 WL 2298717, at *2 (D. Md. May 21, 2018); *Tomeh v. Veriphyr, Inc.*, No. 21-02914, 2022 WL 1422897, at *2 (D. Md. May 5, 2022).  The Court must then assess the proposed settlement agreement for fairness and reasonableness, taking into consideration:  (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense, and likely duration of the litigation; (3) the absence of fraud or collusion; (4) the experience of counsel who represented the plaintiffs; (5) the opinions of counsel; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.  *See De La Cruz*, 2018 WL 2298717, at *2 (citations omitted).

Lastly, when a proposed settlement agreement includes the provision of attorneys' fees, the Court must independently assess the reasonableness of the award. *See id.* The Court has held that, "[i]n assessing the reasonableness of the fee, courts typically refer to the principles of the traditional lodestar method as a guide." *Hackett v. ADF Rest. Invs.*, 259 F. Supp. 3d 360, 367 (D. Md. 2016). This method "multiplies the number of hours reasonably expended by a reasonable hourly rate." *De La Cruz v. Chopra, et al.*, No. 18-0337, 2018 WL 2298717, at *2 (D. Md. May 21, 2018) (citations omitted); *see also* L.R. App. B (3) (D. Md. 2021).

## IV. LEGAL ANALYSIS

The parties request that the Court approve the Settlement Agreement upon the grounds that: (1) they have a *bona fide* FLSA dispute; (2) the Settlement Agreement is fair and reasonable to the Plaintiffs; and (3) the proposed attorneys' fees and costs are reasonable. *See generally*, ECF Nos. 58, 66. For the reasons stated during the hearing held in this matter on October 24, 2023, and set forth below, the Court: (1) **APPROVES** the Settlement Agreement; (2) **GRANTS** the parties' joint motion for approval of settlement; and (3) **AWARDS** Plaintiffs' counsel $63,657.75 in attorneys' fees and $1,342.25 in costs.

### A. The Parties Have Shown That They Have A *Bona Fide* FLSA Dispute

As an initial matter, the parties have shown that they have a *bona fide* FLSA dispute in this case. While the United States Court of Appeals for the Fourth Circuit has not directly addressed the factors to be considered when approving a FLSA settlement agreement, this Court has routinely considered three issues: (1) whether there are FLSA issues in dispute; (2) whether the settlement agreement is fair and reasonable; and (3) whether the proposed attorneys' fees are reasonable, if included in the agreement. *See Duprey*, 30 F. Supp. 3d at 408 (citations omitted). In determining the first issue—whether a *bona fide* FLSA dispute exists—the Court "examine(s) the pleadings in the case, along with the representations and recitals in the proposed settlement agreement." *Id.* (citations omitted). With regards to the first factor, this Court has found that a *bona fide* FLSA dispute exists where a defendant denies wrongdoing, disputes employee misclassification, or asserts an affirmative defense. *See, e.g., De La Cruz*, 2018 WL 2298717, at *2; *Tomeh v. Veriphyr, Inc.*, No. 21-02914, 2022 WL 1422897, at *2 (D. Md. May 5, 2022).

6

In this case, the complaint and the parties' joint motion make clear that there is *bona fide* FLSA dispute between the parties. First, the parties dispute whether Plaintiffs are entitled to overtime pay. In the complaint, Plaintiffs allege that they "normally worked five to six days per week and anywhere from 40 to 70 hours and sometimes more[,]" but that they did not receive an overtime premium for their overtime hours. ECF No. 32 at ¶¶ 15-16. Defendants dispute the amount of overtime hours that Plaintiffs worked and they contend that the overtime hours, if worked, were usually between one to three hours per week. ECF No. 58 at 6; *see also* ECF No. 34 at ¶¶ 15-16. Defendants also contend that "their pay records show Plaintiffs were paid an overtime premium" when they worked overtime. ECF No. 58 at 6.

The parties also dispute whether Plaintiffs worked hours—other than overtime hours—for which they were not paid. In the complaint, Plaintiffs allege that they "did not receive any payment at all for some of [their] work hours." ECF No. 32 at ¶¶ 15-16. Defendants disagree and they contend that Plaintiffs used a timekeeping system, and recorded their work start and end times, and that Plaintiffs were paid for the hours that they recorded. ECF No. 58 at 6. While Plaintiffs agree they used a timeclock, Plaintiffs contend that their work hours were altered and that the timeclock was inoperative on some occasions and failed to capture all their work hours. *Id.*

In addition, the parties dispute whether Defendants improperly deducted $8.00 from Plaintiffs' pay for the cost of washing Plaintiffs' uniforms. Plaintiffs allege that they were required to wear the company uniform each workday, but that they did not consent in writing to the $8.00 deduction to clean the uniforms. ECF No. 32 at ¶ 18. But, Defendants argue that Plaintiffs signed authorizations granting NPP permission to deduct these amounts. ECF No. 58 at 6.

Lastly, the parties dispute the authenticity of the payroll records produced by Defendants in this case. Notably, Plaintiffs argue that these payroll records neither match the payroll records originally produced by Defendants, nor Plaintiffs' pay stubs. *Id.* And so, the parties have met their burden to show that there is a *bona fide* FLSA dispute in this case. *Lynn's Food Stores*, 679 F.2d at 1354; *see also De La Cruz*, 2018 WL 2298717, at *2 (finding that a *bona fide* FLSA dispute existed where the plaintiff claimed "that she was not paid at the proper rate or at all for

her overtime hours worked" and the defendants contended "that Plaintiff was properly paid for all hours worked" and asserted affirmative defenses).

### B. The Parties Have Shown That The Settlement Agreement Is Fair And Reasonable

The Court is also satisfied that the Settlement Agreement reflects a fair and reasonable compromise of the parties' *bona fide* FLSA dispute. To determine whether the proposed Settlement Agreement at issue here is fair and reasonable, the Court considers: (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense, and likely duration of the litigation; (3) the absence of fraud or collusion; (4) the experience of counsel who represented plaintiffs; (5) the opinions of counsel; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery. *See Duprey*, 30 F. Supp. at 409. These factors support a finding that the Settlement Agreement is fair and reasonable for several reasons.

First, with regard to the stage of the proceedings and the extent of discovery in this case, the parties represent that they have engaged in some discovery in this case. In this regard, the parties agree that Plaintiffs have propounded written discovery, to which Defendants have responded. ECF No. 58 at 7. While discovery has not been completed, Plaintiffs also represent that they were able to calculate their estimated damages and to make a reasonable settlement demand, based upon the discovery conducted to date. *Id.* at 8. Given this, the Court is satisfied that the "exchange of information between parties has allowed them to appropriately ascertain facts and evaluate the strength of their respective positions without incurring the expense that would be created by protracted litigation of what would likely become a complex case." *Hackett*, 259 F. Supp. 3d at 366.

Plaintiffs are also represented by experienced counsel in this matter. The law firm representing Plaintiffs—Melehy & Associates LLC—has significant experience in wage-and-hour litigation. ECF No. 66 at 7; *see also* ECF No. 66-4, Omar Melehy Decl. at ¶ 1. Mr. Melehy, who is the lead counsel for Plaintiffs and one of the founding principals of the Melehy & Associates LLC law firm, has approximately 36 years of litigation experience. Omar Melehy Decl. at ¶ 1. Mr. Melehy has been assisted in this case by two other experienced attorneys with

8

Melehy & Associates LLC, Suvita Melehy and Andrew Balashov. *Id.* at ¶ 19; *see also* ECF No. 66-5, Suvita Melehy Decl. at ¶¶ 5-6. The team of attorneys representing Plaintiffs in this matter has 67 years of combined legal experience. *See* Omar Melehy Decl. at ¶¶ 1, 19; Suvita Melehy Decl. at ¶ 1. Plaintiffs' counsel also received assistance from four experienced paralegals with Melehy & Associates LLC, Maria Aguilar, Mirian Martinez, Emily Wilson and Sarah Lorber. Omar Melehy Decl. at ¶¶ 20-25.

With regards to the opinions of counsel about the Settlement Agreement, the parties represent to the Court that the Settlement Agreement was reached after an evaluation of the potential strengths and weaknesses of the claims and defenses in this action. *See* ECF No. 58 at 9; *see also* ECF No. 66 at 4. In the supplemental memorandum to the joint motion, Plaintiffs' counsel also acknowledge that, "[w]ere this case to proceed, the matters at issue would likely require the Parties to incur significant expenses." ECF No. 58 at 8. And so, while not dispositive of the issue, counsels' opinions about the Settlement Agreement also indicate that this agreement is fair and reasonable. *See De La Cruz*, 2018 WL 2298717, at *2 (finding that, while counsel's opinion and recommendation is "not to be blindly followed," the representations made by counsel may support the reasonableness of a settlement agreement) (citation omitted).

The final factors that the Court considers—the probability of Plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery—also show that the Settlement Agreement is fair and reasonable. As discussed above, the parties state in their joint motion that: (1) the Settlement Agreement was reached after substantial negotiations; (2) the proposed settlement amount is equal to approximately three times each Plaintiffs' alleged estimated unpaid wages; and (3) the settlement amount for each Plaintiff exceeds the amount of the regular and/or overtime wages that Plaintiffs claim is owed. *See* ECF No. 58 at 4, 5, 9.

The Court also observes that the amount of the proposed settlement reflects a 100% recovery of the unpaid wages alleged in this case. *Id.* at 4, 6; *see also* ECF No. 58-2 at ¶ 1; ECF No. 66 at 1. The proposed payment to each Plaintiff also appears to be apportioned to their respective length of employment with Defendants and the number of unpaid hours at issue. *See* ECF No. 58-2 at ¶ 1. Given this, the settlement amount appears to be reasonable, because it

9

would compensate Plaintiffs for all the unpaid wages sought in the complaint.  ECF No. 32 at Prayer for Relief.

Lastly, there is no suggestion of fraud or collusion in this case.  *See generally*, ECF No. 58; *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1:08CV1310(AJT/JFA), 2009 WL 3094955, at * 12 (E.D. Va. Sept. 28, 2009) ("There is a presumption that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary.").  Given these factors, the Court is satisfied that the Settlement Agreement reflects a reasonable compromise, given the inherent risks and costs associated with further litigation of this matter.  *See Saman v. LBDP, Inc.*, No. 12-1083, 2013 WL 2949047, at *5 (D. Md. June 13, 2013); *see also De La Cruz*, 2018 WL 2298717, at *1.  And so, the Settlement Agreement is fair and reasonable.

### C.      The Attorneys' Fees And Costs Are Reasonable

As a final matter, the Court is also satisfied that the attorneys' fees and costs that Plaintiffs seek to recover are reasonable.  Because the Settlement Agreement includes an award of attorneys' fees and costs, the Court independently considers whether these fees and costs are reasonable.  *See Lynn's Food Stores*, 679 F.2d at 1354.

"In calculating an award of attorney's fees, the Court must determine the lodestar amount, defined as a 'reasonable hourly rate multiplied by hours reasonably expended.'" *Lopez v. XTEL Const. Grp., LLC*, 838 F. Supp. 2d 346, 348 (D. Md. 2012) (*citing Grissom v. The Mills Corp.*, 549 F. 3d 313, 320–21 (4th Cir. 2008); *Plyler v. Evatt*, 902 F. 2d 273, 277 (4th Cir. 1990)).  An hourly rate is reasonable if it is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 890 n.11 (1984); *see Thompson v. HUD*, No. 95–309, 2002 WL 31777631, at *6 n.18 (D. Md. Nov. 21, 2002) (same).  And so, this Court has established rates that are presumptively reasonable for lodestar calculations in Appendix B to its Local Rules.  *See* L.R. App. B (D. Md. 2021).

The Addendum to the Settlement Agreement provides for the payment of attorneys' fees and costs in the amount of $65,000.  *See* ECF No. 66-1 at ¶ 2.  This amount is comprised of $63,657.75 in attorneys' fees and $1,342.25 in litigation costs.  ECF No. 66 at 1.

In this regard, the parties state in the supplemental memorandum to their joint motion, that counsel for Plaintiffs have collectively expended more than 256 hours on this matter since the filing of the complaint. ECF No. 66 at 4; *see also* ECF No. 66-2. The parties also state that the proposed hourly rates for Plaintiffs' counsel's work on this case, as reflected below, are in line with those prevailing in the Washington, DC metropolitan area's legal community for lawyers of comparable skill, experience and background. *See* ECF No. 66 at 5-6, 8.

| Person | Yrs Admitted | Rate | Total Hours Billed | Total Hours Sought | Total Billed For Hours Sought |
|---|---|---|---|---|---|
| Omar Vincent Melehy | 36 | $625.00 | 13 | 12.7 | $7,937.50 |
| Suvita Melehy | 27 | $575.00 | 62.8 | 60.3 | $34,672.50 |
| Andrew Balashov | 7 | $350.00 | 56 | 49.6 | $17,360.00 |
| Paralegals | N/A | $180 | 124.5 | 64.3 | $11,574.35 |
| Total | | | 256.3 | 186.9 | $71,544.35 |

While the Court observes that the above hourly rates are higher than the presumptively reasonable rates set forth in the Court's Local Rules, the parties have explained that these rates are consistent with the customary rates charged in the Washington, DC metropolitan area, given the level of experience of Plaintiffs' counsel.[3] The Court also observes that the total amount billed by Plaintiffs' counsel for the hours worked on this case is $76,710.00 and that the Settlement Agreement provides for recovery of the lower amount of $63,657.75 in attorneys' fees. ECF No. 66-2 at 26.

The parties also represent that the amount of attorneys' fees sought in this case has been negotiated separately from the agreement on the amount of Plaintiffs' recovery. *See* ECF No. 66

---

[3] The Court's Local Rules provide that the following attorneys' fees are presumptively reasonable in the District of Maryland: (1) $150-225 for lawyers admitted to the bar for less than five years; (2) $165-300 for lawyers admitted to the bar for five to eight years; (3) $300-475 for lawyers admitted to the bar for 20 years or more; and (4) $95-150 for paralegals and law clerks. *See* L.R. App. B (3) (D. Md. 2021).

11

at 1. And so, the Court is satisfied that these fees are reasonable. *See De La Cruz*, 2018 WL 2298717, at *2.

Lastly, the parties have also shown that the costs to be recouped by Plaintiffs' counsel under the Settlement Agreement are reasonable. Plaintiffs' counsel states that Melehy & Associates LLC has incurred $1,342.25 in expenses while litigating this matter, consisting of: postage; Federal Express charges; courier expenses; Westlaw and LexisNexis legal research database costs; Pacer database search fees; Court reporter fees; deposition transcript costs; the cost of hearing transcripts; the storage costs of any electronically stored information on Logikull (a digital document review platform); the cost for outside IT consultant; mileage reimbursement for time spent by counsel traveling to depositions; and court hearings. Omar Melehy Decl. at ¶ 31. In addition, Plaintiffs' counsel has submitted a spreadsheet showing these costs and explaining why they have been incurred in connection with this litigation. ECF No. 66-3. And so, the Court is satisfied that the costs to be recovered under the Settlement Agreement are reasonable and accurately reflect the litigation expenses incurred by Plaintiffs' counsel in this case.

For these reasons, the Court will APPROVE the attorneys' fees award in the amount of $63,657.75 and the award of costs in the amount of $1,342.25.

## V.  CONCLUSION

In sum, the Court is satisfied that the Settlement Agreement constitutes a fair and reasonable compromise of the parties' *bona fide* dispute under the FLSA and that the attorneys' fees and costs provided for in the Settlement Agreement are reasonable.

And so, for the foregoing reasons, the Court:

1. **APPROVES** the Settlement Agreement as a fair and reasonable resolution of the parties' *bona fide* FLSA dispute;

2. **GRANTS** the parties' joint motion for approval of settlement (ECF No. 58); and

3. **AWARDS** Plaintiffs' counsel $63,657.75 in attorneys' fees and $1,342.25 in costs.

A separate Order shall follow.

s/Lydia Kay Griggsby  
LYDIA KAY GRIGGSBY  
United States District Judge